ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDO<br><br><br>V.<br><br><br><br>JAIME HERNÁNDEZ MÉNDEZ<br><br>PETICIONARIO | KLCE202300345 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Criminal Número:<br>NSCR200300943<br>NSCR200300944<br>NSCR200300945<br>NSCR200300946<br>NSCR200300953<br>(SALÓN 308)<br><br>Sobre: Artículo 83 C.P. (1974) Asesinato en Primer Grado y otros |

Panel integrado por su presidenta, la Juez Ortiz Flores[1], el Juez Rivera Torres y el Juez Salgado Schwarz

Ortiz Flores, Juez Ponente

## R E S O L U C I Ó N

En San Juan, Puerto Rico, a 28 de abril de 2023.

Comparece ante nosotros el señor Jaime Hernández Méndez (Sr. Hernández; peticionario) mediante el presente recurso de *certiorari* y nos solicita que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI), el 13 de febrero de 2023, notificada el 22 de febrero del mismo año.

Adelantamos que, por los fundamentos que exponemos a continuación denegamos expedir el auto de *certiorari*.

### I

Previo a los hechos que dan lugar al presente recurso, el Sr. Hernández había presentado un recurso de apelación de la sentencia emitida por el Tribunal de Primera Instancia cuando fue hallado culpable por los delitos de Asesinato,[2] Tentativa de Asesinato,[3] Portación y Uso de

---

[1] Mediante Orden Administrativa OATA-2023-056 de 29 de marzo de 2023 se designa a la Hon. Laura I. Ortiz Flores en sustitución del Hon. Roberto Sánchez Ramos para entender y votar.
[2] Artículo 83 del Código Penal de Puerto Rico, 33 LPRA sec. 4202.
[3] *Id.*

Número Identificador
RES2023_____

Armas de Fuego Sin Licencia,[4] y Disparar o Apuntar o Armas.[5] En dicha ocasión, un panel hermano confirmó las sentencias dictadas por el foro primario.[6] Posteriormente, el peticionario acudió al TPI mediante una "solicitud de nulidad de sentencia al amparo de la Regla 192.1 de las de Procedimiento Criminal."[7] Lo anterior, ya que –según sus alegaciones– en la etapa apelativa, el Tribunal de Apelaciones no tuvo ante sí todos los autos originales del caso.[8] Dicha solicitud fue declarada No Ha Lugar por el foro primario, por lo que el peticionario acudió ante este Tribunal el 24 de marzo de 2023, mediante un recurso de *certiorari*. En dicha ocasión, procedimos a denegar expedir el auto de *certiorari*.[9]

Posteriormente, el 8 de febrero de 2023, el Sr. Hernández radicó una moción titulada *Informativa Pertinente y en Solicitud* ante el TPI, en la cual requirió al foro primario que le permitiera "acceso al registro (libro) que vienen obligados a llevar los secretarios de la fecha que se celebró la Regla 6, determinación de causa probable y en la fecha en que se celebró la vista preliminar[,] previo coordinación de fechas."[10] Dicha solicitud fue declarada No Ha Lugar por el Tribunal de Primera Instancia, mediante *Orden* emitida el 13 de febrero de 2023, notificada el 22 de febrero del mismo año. Particularmente, el Tribunal notificó lo siguiente: "A lo solicitado en el inciso 4 de la moción presentada el 8 de febrero de 2023. No Ha Lugar."

De esta determinación, el Sr. Hernández presentó *Reconsideración*, la cual fue declarada No Ha Lugar por el foro primario. Inconforme, el peticionario acude ante nosotros y nos señala lo siguiente:

> Cometió error el Honorable Tribunal de Primera Instancia al denegar acceso a información relacionada con la acción penal que se siguió contra él en violación al estado de derecho vigente.

---

[4] Artículo 5.04 de la Ley de Armas de Puerto Rico (Ley Núm. 404-2000), Ley Núm. 404-2000, 25 LPRA sec. 458c (derogada).

[5] Artículo 5.15 de la Ley Núm. 404-2000, 25 LPRA sec. 458n (derogada).

[6] Tomamos conocimiento judicial de la sentencia emitida en el recurso KLAN0500233, por virtud de la facultad que nos concede la Regla 202 de las Reglas de Evidencia de Puerto Rico, 32 LPRA Ap. VI, R. 202.

[7] Petición de *Certiorari Criminal*, pág. 2.

[8] *Id.*

[9] Tomamos conocimiento judicial de la sentencia emitida en el recurso KLCE202300306, por virtud de la facultad que nos concede la Regla 202 de las Reglas de Evidencia de Puerto Rico, *supra*.

[10] Apéndice del recurso, pág. 31.

Para una mejor disposición del caso, el pasado 12 de abril de 2023 emitimos *Resolución* para ordenar al TPI que fundamentara su decisión. Con el beneficio de la *Resolución Enmendada* del foro primario, debidamente fundamentada, resolvemos a continuación.

**II**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Pueblo v. Díaz De León*, 176 DPR 913, 917 (2009). Para determinar si procede la expedición de un auto de *certiorari*, la Regla 40 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R.40, dispone que debemos considerar los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es decir, estamos obligados a evaluar "tanto la *corrección de la decisión recurrida así como la etapa del procedimiento en que es presentada*; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), que cita a *Negrón v. Srio. de Justicia*, 154 DPR 79 (2001). Asimismo, se ha resuelto que "los tribunales apelativos no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre

que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad." *Pueblo v. Soto Molina*, 191 DPR 209, 227 (2014), que cita a: *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**III**

En el presente recurso, se recurre de una *Resolución* del Tribunal de Primera Instancia que denegó la solicitud del peticionario de acceso al registro, o libro que están obligados a llevar los secretarios del tribunal. En específico, en su escrito de *certiorari*, el Sr. Hernández nos señala que incidió el foro primario al no permitirle acceso a la información solicitada, la cual está relacionada con su caso, por lo cual solicita que le permita acceder a los registros de Secretaría. Mediante *Resolución* emitida el 12 de abril de 2023 solicitamos al foro primario que emitiera una Resolución Enmendada, en la cual fundamentara su determinación. Recibida y evaluada la misma, estamos en posición de resolver.

Al atender una petición de *certiorari* en casos como el de autos, nos corresponde analizar, si bajo la discreción concedida a este tribunal revisor bajo la Regla 40, debemos o no expedir el auto de *certiorari*. Evaluada la resolución recurrida, resolvemos que no se cumple ninguno de los criterios previamente citados. Asimismo, luego de analizar el expediente ante nuestra consideración, somos del criterio que el peticionario no demostró que el TPI haya incurrido en un abuso de discreción que amerite nuestra intervención. Tampoco vemos error en la aplicación del Derecho, ni que el foro primario haya actuado con pasión, perjuicio o parcialidad. En su *Resolución Enmendada*, el TPI fundamentó su determinación en que no puede concedérsele a acceso al Sr. Hernández "a documentos **no** públicos privilegiados como lo [es,] el registro (libro) de las fechas en que se celebró la Regla 6 [y] las fechas en las que se celebró la Vista Preliminar."[11]

---

[11] Véase, *Resolución Enmendada*, Tribunal de Primera Instancia, Sala Superior de Fajardo.

Por todo lo anterior, en ausencia de alguno de los criterios contemplados en la Regla 40 del Reglamento de este Tribunal, no se justifica nuestra intervención, por lo que denegamos expedir el auto solicitado.

**IV**

Por los fundamentos que anteceden, denegamos expedir el auto de *certiorari*.

**Notifíquese**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones